## Baccini v. Montgomery

*Joseph P. Mylotte*, for plaintiff.
*Roderick D. Mathewson*, for defendant.

LIPPINCOTT, J., March 7, 1969. — Plaintiff filed a complaint in trespass and assumpsit, alternatively, seeking recovery for the destruction of his automobile, which he alleges resulted either from defendant's negligent repair work or breach of various implied warranties. Defendant has filed a preliminary objection in the form of a motion to strike the complaint on the ground that it contains a misjoinder of causes of action.

We are sympathetic with plaintiff's objective. Since separate actions for breach of contract and tort may be maintained and even consolidated for trial, it would appear efficient and economical to permit joinder of such causes in one action. Federal practice permits

such pleading: see Rule 8(e) of Federal Rules of Civil Procedure. (The writer believes that it would be well to amend the Pennsylvania Rules of Civil Procedure to allow the pleading of such alternative remedies.)

However, Pennsylvania Rules of Civil Practice 1020(a) and 1044 (a), respectively, specifically limit assumpsit complaints to causes of action "which arise from contract" and trespass complaints to those arising "in trespass". These rules have been almost uniformly interpreted to mean that causes in assumpsit and tort cannot be joined in the same complaint: Morgan v. Phillips, 385 Pa. 9, 122 A. 2d 73 (1956); Corson v. Bond, 7 Chester 256 (1956); and numerous other cases cited in 1 Goodrich-Amram §1020(a)-1.

As was appropriately stated by Judge Laub in Mitchell v. Willys Motors, Inc., 39 Erie 108, 109 (1955):

"While it is permissible to file alternate pleadings and to join causes of action arising out of the same transaction, the causes thus joined must all be in the same category; that is, all must be ex contractu or all must be ex delicto. Causes ex delicto and ex contractu cannot be joined in the same action: Standard Pa. Practice, Vol. 3, p. 56, Sec. 52. It is necessary, therefore, that the causes be severed with permission to the plaintiff to elect, under this term and number, which action he intends to pursue without prejudice to his right to file a separate action as to the remaining cause".

Accordingly, we enter the following:

### ORDER

Now, March 7, 1969, it is hereby ordered and decreed that defendant's preliminary objection raising the question of misjoinder of causes of action be and is hereby sustained. The complaint is dismissed unless plaintiff, within 20 days, elects the cause he intends to pursue under the within term and number by filing an amended complaint.